# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50056 | **DATE** | 7/8/2004 |
| **CASE TITLE** | MORRIS vs. SWANK EDUCATIONAL ENTERPRISES, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motions to dismiss Count IV are hereby granted. Plaintiff's motion to strike is denied. While it seems unlikely plaintiff can allege an IIED claim that is not pre-empted by IHRA, her request for 14 days to amend her complaint for this purpose is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 7-9-04 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL -8 PM 3:24 | 7-8-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Julie Morris, filed a four-count complaint against defendants, Swank Educational Enterprises, Inc., (hereinafter referred to as "Swank"), American Higher Education Development Corporation and AHED of Illinois, Inc., (hereinafter collectively referred to as "AHED"), seeking redress for several violations of Title VII, including sexual discrimination on the basis of gender and pregnancy, sexual harassment and retaliation, as well as a state law claim for intentional infliction of emotional distress (hereinafter "IIED"). The court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a). Defendants have filed separate motions to dismiss Count IV, the IIED claim, under Fed. R. Civ. P. 12(b)(6), contending that the claim is preempted by the Illinois Human Rights Act (hereinafter "IHRA"), or in the alternative, that plaintiff has failed to sufficiently plead the elements of IIED. Plaintiff has moved to strike defendants' affirmative defenses.

Defendants contend that Count IV must be dismissed because it is preempted by the IHRA, a state statutory scheme designed to prevent sexual harassment in employment and to provide an exclusive means of redress for civil rights violations as defined under the Act. Corluka v. Bridgford Foods of Illinois, 284 Ill. App. 3d 190, 193 (Ill. App. Ct. 1996). The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation," 775 ILCS 5/8-111(C), where "civil rights violations" include sexual harassment, 775 ILCS 5/2-102(D), and retaliation for opposition to unlawful discrimination or sexual harassment, 775 ILCS 5/6-101(A). The conduct of which plaintiff complains falls squarely within these definitions.

Under the IHRA, no state court has jurisdiction to entertain a civil rights violation because such claims must be litigated exclusively before the Illinois Human Rights Commission, Maksimovic v. Tsogalis, 177 Ill.2d 511, 513 (Ill. 1997). See also Thomas v. L'Eggs Prods., Inc., 13 F. Supp. 2d 806, 808 (C.D. Ill. 1998) (stating that where Illinois courts lack jurisdiction to hear a claim, so too does the federal court sitting in Illinois). This does not mean that the IHRA precludes the court from exercising jurisdiction over *all* tort claims factually related to incidents of sexual harassment, but rather it prohibits jurisdiction only where the tort claim is found to be "inextricably linked" to the allegations of sexual harassment such that there is no independent basis for the action. Maksimovic, 177 Ill.2d at 517. Where the plaintiff can establish the necessary elements of the tort without reference to any legal duties created by the IHRA, she has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act and the court has jurisdiction to adjudicate plaintiff's tort claim. Maksimovic, 177 Ill.2d at 519. The pivotal question is whether the conduct is actionable even aside from its character as a civil rights violation because the IHRA does not furnish the legal duty that the defendant was alleged to have breached. Krocka v. City of Chicago, 203 F.3d 507, 516-17 (7th Cir. 2000).

Where the allegations plaintiff presents to support her IIED claim are identical to those made in support of her claim of sexual harassment, the two claims are inextricably linked and the tort claim is therefore preempted by the IHRA. See Quantock v. Shared Marketing Services, Inc., 312 F.3d 899 (7th Cir. 2002). Here, plaintiff has merely realleged the facts stated in her Title VII claims as the basis for her claim of IIED and has presented no new facts other than conclusory allegations that plead the elements of IIED under Illinois law. In this circumstance, it is clear that plaintiff's IIED claim is inextricably linked with her claims of sexual discrimination, sexual harassment and retaliation and she cannot establish a basis for defendants' liability independent of any statutory cause of action under the Act. Thus, plaintiff's state law IIED claim is preempted by the IHRA and must be dismissed. See Whittaker v. Northern Illinois University, No. 00C50447, 2001 WL 910098, 2001 U.S. Dist. LEXIS 9361 (N.D. Ill. July 9, 2001) (Reinhard, J.).

**Plaintiff's motion to strike defendants' affirmative defenses**

Federal Rule of Civil Procedure 8(c) requires a party to set forth affirmative defenses in a responsive pleading, which means affirmative defenses are subject to all of the pleading requirements of the Federal Rules of Civil Procedure. Heller Financial Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, defendants must set forth a 'short and plain statement' of the defense sufficient to give the party notice of the defense and a chance to rebut it. Sauber Painting & Decorating, Inc., 2004 U.S. Dist. Lexis 10258, *4 (N.D. Ill. Jun. 2, 2004). See also Fed. R. Civ. P. 8(a). Under Rule 12(f), a court may strike from any pleading any insufficient defense. See Fed. R. Civ. P. 12(f).

In general, motions to strike are disfavored as they potentially serve only to delay. Heller, 883 F.2d at 1294. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. Heller, 883 F.2d at 1294.

Defendants first contend that plaintiff's motion to strike must be denied because it was not timely filed under Rule 12(f), which requires plaintiff to file her motion to strike within 20 days after service of defendant's answer upon her. See Fed. R. Civ. P. 12(f). However, the record reveals the motion was timely filed.

In their separate answers to plaintiff's complaint, Swank and AHED plead four affirmative defenses in common. AHED also pleads three affirmative defenses unique to its own case. The court will first respond to defendants' four shared affirmative defenses.

Shared affirmative defenses

*Plaintiff has failed to plead any claim upon which relief may be granted* - Plaintiff argues that this defense is "no more than a recitation of the standard for pleading under a motion to dismiss, [which does] not provide any specific infirmities within the complaint" and which therefore must be stricken. Form 20 of the Federal Rules of Civil Procedure's Appendix of Forms sets forth a list of model defenses, including this one cited almost verbatim by defendants. Rule 84 then specifically states that "the forms contained in the Appendix of Forms are sufficient under the rules." See Fed. R. Civ. P. 84. Moreover, Rule 12 contemplates that the defense of failure to state a claim upon which relief can be granted may be made either by motion *or* as an affirmative defense. See Fed. R. Civ. P. 12(b)(6), 12(h)(2). See also Brown v. County of Winnebago, No. 97C50211, 2001 WL 1570818, *1 (N.D. Ill. Dec. 6, 2001) (Reinhard, J.).

*Plaintiff has failed to act reasonably to mitigate damages; Plaintiff has failed to exhaust administrative remedies before filing suit in the U.S. District Court; Some or all of the acts alleged by plaintiff to have occurred in violation of Title VII, occurred more than 300 days prior to the filing of her charge of discrimination in the [EEOC] and are therefore, time barred by the applicable statute of limitations* - Each of these defenses sufficiently informs plaintiff of the issue raised and the manner in which defendants will conduct the defense in the future. See e.g. Yash Raj Films, Inc. v. Atlantic Video, No. 03C7069, 2004, WL 1200184, at *4, 2004 U.S. Dist. LEXIS 9739, at *12 (N.D. Ill. May 28, 2004). Defendants may be able to prove facts in support of each defense and, at this point in the litigation, the court must accept all well-pleaded allegations as true. Renalds v. S.R.G. Restaurant Group, 119 F.Supp.2d 800, 805 (N.D. Ill. 2000).

AHED's three remaining affirmative defenses

*Defendants are not now and never were an employer of plaintiff* - Defenses will not be struck if they present questions of law or fact. Heller, 883 F.2d at 1294. This is a factual question that cannot be resolved at this point in the proceedings.

*Pursuant to the Asset Purchase Agreement, defendants are not proper parties to this lawsuit and are not liable for any adverse actions taken against plaintiff* - This defense sufficiently informs plaintiff of the issue raised and the document upon which AHED will rely in moving forward. It is properly plead as an affirmative defense under Rule 8(c) as a "matter constituting an avoidance" of defendants' liability. Despite plaintiff's contention otherwise, it is not necessary that AHED have supplied a copy of the agreement at this point.

*Plaintiff's failure to name defendants in her Charge of Discrimination bars her federal claims against them* - Defenses will not be struck if they present questions of law or fact. Heller, 883 F.2d at 1294. This defense presents questions of law or fact.

For the foregoing reasons, defendants' motions to dismiss Count IV are hereby granted. Plaintiff's motion to strike is denied. While it seems unlikely plaintiff can allege an IIED claim that is not pre-empted by IHRA, her request for 14 days to amend her complaint for this purpose is granted.