# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50056 | **DATE** | 8/20/2004 |
| **CASE TITLE** | | Morris vs. Swank, et al | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Morris' Motion to Compel and Strike is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8/20/04 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/20/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |

| sp | courtroom deputy's initials | | Date/time received in central Clerk's Office | sp mailing deputy initials |
|---|---|---|---|---|

| | | |
|---|---|---|
| JULIE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 50056 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| SWANK EDUCATIONAL, | ) | |
| ENTERPRISES, INC., | ) | |
| AMERICAN HIGHER EDUCATION | ) | |
| DEVELOPMENT CORPORATION | ) | |
| AND AHED OF ILLINOIS, INC., | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

This court must address numerous discovery disputes between Julie Morris ("Morris"),

Swank Educational Enterprises ("Swank") and American Higher Education Development

Corporation and AHED of Illinois Inc. ("AHED"). On July 6, 2004, Morris filed a Motion to

Strike and Compel, asking this court to strike Swank's and AHED's objections and compel

complete answers and production in response to Morris' interrogatories and production requests.

On June 27, 2004, Swank filed a Response to Morris' motion. On August 3, 2004, Morris filed a

Reply to Swank's Response. As of date of this Order, AHED has not filed a response to Morris'

motion. For the following reasons, Morris' Motion to Compel and Strike is granted in part and

denied in part.

## Background

Apparently, Swank owned and operated Rockford Business College ("RBC"), a private,

for profit, institution of higher learning. Susan Swank was the CEO and president of Swank. On

August 1, 2002, Morris was hired as co-director of financial aid by Swank, d/b/a RBC. (Compl.

at ¶ 11). Morris was hired to work with Patricia Blackbourne ("Blackbourne"), who was the other co-director of financial aid. In November 2002, Morris informed Swank that she was pregnant. (*Id.* at ¶ 13). On December 9, 2002, Swank hired Ed Hastings ("Hastings") as the director of financial aid. Blackbourne and Morris remained on with the same pay, but with the title of financial aid assistant. On February 6, 2003, Morris was involuntarily terminated, after having been on administrative leave without pay for several weeks. (*Id.* at ¶ 14(f)(g)). On May 2, 2003, Susan Swank sold RBC. The purchaser was American Higher Education Development Corporation, a subsidiary of AHED of Illinois, Inc.. AHED is the present owner and operator of RBC.

Morris alleges that she was treated differently than other employees who were not pregnant, immediately after informing Swank of her pregnancy. (*Id.* at ¶ 14). Morris specifically alleges the following: (1) within two weeks of informing Swank of her pregnancy, she was informed that she was being replaced; (2) Swank demoted Morris; (3) Swank refused to promote Morris despite her good work performance; (4) Swank hired a lesser qualified male from outside the company; (5) Morris' assignments were taken away and reassigned; (6) Morris was subjected to a repeated pattern of sexual harassment, including inappropriate comments, gestures and conduct, by supervisors, other employees and agents of Swank; (7) Morris made numerous complaints about the harassment, discrimination, and hostile work environment to Swank's management staff; (8) Swank failed to take any measures to resolve the harassment, discrimination and hostile work environment; (9) Morris suffered further adverse actions in retaliation for complaining; (10) Morris was put on administrative leave without pay; and (11) Morris was involuntarily terminated from her employment. (*Id.* at ¶ ¶ 14(a)-(e), 18-20, 14

2

(f)(g)).

Morris filed a charge of employment discrimination with the EEOC, and on January 29, 2004, Morris filed a four count complaint in this court against both Swank and AHED. Morris' complaint alleges: (Count I) sexual discrimination in violation of Title VII; (Count II) sexual harassment in violation of Title VII; (Count III) Title VII retaliation; (Count IV) intentional inflection of emotional distress. On July 8, 2004, Judge Reinhard granted Defendants' motions to dismiss Count IV of Morris' complaint.

### Discussion

Federal Rules of Civil Procedure 26 (b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing that if the non-discovery party does not comply with Rule 26(b), "the discovery party may move for an order ... compelling inspection in accordance with the request". Fed. R. Civ. P. 37(a)(2)(B). It is the obligation of the court to balance the burden of the request versus the probability of finding relevant material.

### 1. Request 5

Request 5 seeks:

> Any and all notes, calendars, reports, records, disciplinary or termination documents, forms or other documentation kept or prepared by any employee or former employee of Defendants regarding Defendants' decision to terminate any individual from 2000 through 2004, including but not limited to Julie Morris.

Morris argues that Defendants' termination policies are relevant, under Rule 26(b) to

3

Morris' Title VII claims. Morris also argues that AHED, as RBC's current owner, is probably in possession of these documents.

Swank objected to Request 5 as over broad and not reasonably calculated to lead to the discovery of admissible evidence. Swank also argues that Request 5 is not within the scope of discovery because it is not limited to employees who: (1) were terminated for reasons similar to Morris; (2) were pregnant; (3) are female; (4) or even employees terminated by Swank (who has not operated RBC since May 2003). Additionally, Swank maintains that it has provided Morris with its employment policies, including a discretionary progressive discipline policy, and all termination documents regarding Morris.

AHED objects to Request 5 because: (1) AHED did not employ Morris; (2) AHED is not in possession of information responsive to this request; (3) AHED would not be able to verify the accuracy of such information; (4) documents, maintained by AHED, are irrelevant, immaterial and not reasonably calculated to lead to discovery of admissible evidence and; (5) Morris' request is over broad, unduly burdensome and beyond the scope of the instant case.[1]

After reviewing the arguments of all parties involved, this court orders both Swank and AHED to turn over termination documents pertaining to RBC employees from 2000 through the transfer of the business. This court finds that AHED cannot simultaneously object that a request is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and then, claim that it does not have any information in its possession which is responsive to the request. This court finds that Morris' Requests are relevant and reasonable,

---

[1]AHED makes this objection to all of the Requests Morris is seeking to compel with this motion. As such this court will not repeat this objection for each material sought by Morris.

if limited to RBC's operations and employees from 2000 through the transfer of the business. If

AHED does not have any information responsive to Request 5, then AHED must provide an

affidavit, by an individual designated by the corporation AHED, to testify on its behalf, affirming

and verifying that AHED does not indeed have any information responsive to this request.

Defendants are given 14 days to comply as ordered by this court.

## 2. Request 7

Request 7 seeks:

> The complete personnel files and any and all other documents
> related to employees who were terminated by the Defendants for
> any reason from 2000 through the present.

Morris argues that personnel files of previously terminated employees are relevant to

show general patterns of discrimination practiced by Defendants. Morris also argues that the

protective order can adequately protect the confidential nature of these personnel files.

Additionally, Morris alleges that AHED, as RBC's current owner, is probably in possession of

these documents.

Swank objected to Request 7 for the reasons it stated in its objection to Request 5.

Swank also maintains that it has provided Morris with its employment policies, including a

discretionary progressive discipline policy, and all termination documents regarding Morris.

This court agrees with Morris that the personnel files of previously terminated employees

are relevant and could show general patterns of discrimination. However this court is also

conscious of the fact that personnel files contain highly sensitive and private information. Thus

this court orders Swank and AHED to allow Morris' counsel, pursuant to an attorneys' eyes only

condition, to review personnel files of RBC employees, who were terminated between 2000 and

the date of transfer of the business; the parties may then decide which parts of the personnel files

are relevant to the instant case . If AHED does not have any information responsive to Request

7, then AHED must provide an affidavit as outlined in this court's ruling to Request 5.

Defendants are given 14 days to comply as ordered by this court.

## 3. Request 8

Request 8 seeks:

> The complete personnel file of each employee who was promoted,
> hired or transferred to a position to replace Plaintiff Julie Morris.

Morris argues that the qualifications, salary, performance and background of Morris'

replacement(s) are highly relevant to Morris' discrimination claim. Swank argues that Swank did

not replace Morris.

Swank claims it never "replaced" Morris. Thus Morris must redraft and resubmit

Request 8 to Defendants. This court orders Morris to redraft and resubmit Request 8 within 14

days of this order.

## 4. Request 12

Request 12 seeks:

> Any and all organization charts, presentations, employee
> directories, or other documents depicting the Defendants'
> organizations and their employees within the organizations from
> 2000 through the present.

Morris argues that Request 12 is relevant to her investigation. Swank objects to Request

12 as over broad. Swank alleges it has provided Morris with a company organizational chart,

which was in effect at the time of Morris' termination. Swank has also provided Morris with the

names of employees and at least one student "work study" who it knows of having been in

contact with Morris.

After reviewing Request 12, this court orders Defendants to provide Morris with all materials responsive to Request 12 for the period from 2000 through the transfer of the business. If AHED does not have any information responsive to this request, then AHED must provide an affidavit as outlined in the Court's ruling to Request 5. Defendants are given 14 days to comply as ordered by this court.

## 5. Request 16

Request 16 seeks:

> Any and all training materials and presentations utilized by the Defendants regarding Title VII, sexual harassment or discrimination, or retaliation. Please include all materials, including but not limited to, presentations, exercises, charts, graphs, illustrations, take-aways, videos, and all related materials utilized or provided in these training programs.

Morris argues that she is seeking a complete response from Defendants. Barbara Holliman ("Holliman"), RBC's current president, testified at her deposition that she went to a training seminar where materials pertaining to Title VII were distributed. Morris argues that it is relevant if these materials mentioned by Holliman exist.

Swank objects to Request 16 as over broad and not reasonably calculated to lead to the discovery of admissible evidence. Swank also argues that it has provided Morris with RBC's personnel policies in effect at the time of Morris' employment, which included a statement of non-discrimination and a harassment policy. Swank admits that some of its management employees attended seminars pertaining to human resources training. However Swank maintains that: (1) it is not required to interview all of its employees to inquire into their human resource

training; (2) inquire if the employees have any tangible materials on such training or; (3) provide such materials, if they exist, to Morris.

After reviewing Request 16 and balancing the interest of all parties, this court orders Defendants to provide Morris with all materials pertaining to Title VII training at RBC from 2000 through the transfer of the business RBC. If AHED does not have any information responsive to this request, then AHED must provide an affidavit as outlined in this court's ruling to Request 5. Defendants are given 14 days to comply as ordered by this court.

**6. Request 26 & 31**

Request 26 seeks:

> Any and all financial statements prepared by Defendants or by any third party financial institution or government entity on Defendants' behalf, from 2000 through 2004.

Request 31 seeks:

> Defendants' corporate tax returns for the calendar years 2001 through 2004, with all attachments.

Morris argues that the Defendants' financial statements and corporate tax returns are relevant and discoverable for punitive damages purposes. Swank argues that it told Morris that it does not have an insurance policy which would indemnify Swank in this case. Swank also argues that Morris' request for all of its financial statements and tax returns from 2000-2004 is over broad and not reasonably calculated to lead to the discovery of admissible evidence. Swank argues that its financial status is not relevant in the instant case because the defendant corporation, Swank Educational Enterprises, Inc.: (1) has not been active since May 2003; (2) no longer produces financial statements; and (3) its most recent income tax return shows no activity

or income. Swank also argues that Morris was provided with financial information regarding the value of RBC as of May 2003, when Morris was given access to the asset purchase agreement between Swank and AHED.

After reviewing Requests 26 and 31 and balancing the interests of all the parties, this court orders Swank to provide Morris with all of its financial statements and corporate tax returns for two years, the year Morris was terminated and the year before (2002 and 2003). Swank is given 14 days to comply as ordered by this court.

## 7. Request 30

Request 30 seeks:

> A complete copy of the sales contract for the sale of Rockford business College from Susan Swank to American Higher Education Development Corporation and/or AHED of Illinois, including all attachments, addendums, or exhibits thereto.

Morris argues that she needs to examine the contract in its entirety to evaluate whether the sale of RBC was an assets only sale, as both Defendants have claimed, making AHED an improper party to the suit. Swank argues that it provided Morris with copies of the provision of the contract requiring Swank to defend and indemnify AHED from any liability arising prior to the purchase. Swank also states that Morris was allowed to inspect the contract subject to the protective order in this case. On July 23, 2004, Morris inspected the contract, with the price and escrow amounts redacted, between AHED and Swank, at the offices of Swank's counsel. AHED objects to Request 30 as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, AHED claims that Morris has been provided with relevant portions of the asset purchase agreement between Swank and AHED Defendants.

This court agrees with Morris and orders the Defendants to produce the contract of RBC's sale in its entirety. This court finds that the fair market value of RBC is relevant to Morris' claim for punitive damages, especially since RBC was sold a few months after Morris' employment at RBC was terminated. Defendants are given 14 days to comply as ordered by this court.

## 8. Interrogatory 1

Interrogatory 1 asks Defendants to:

> State the name, address, date of birth, employment, and job title of the individual(s) providing the responses and signing the verification to these interrogatories.

Morris argues the answers that Swank has submitted are not verified, and do not identify which agent of Swank has supplied the answers. Although Swank has indicated that Susan Swank will sign a verification, Morris still needs to know who supplied the responses. Morris maintains that Defendants' respective counsels are not proper parties, and Defendants may be in violation of Rule 33.

Swank concedes that the responses to the interrogatories were prepared and signed by its counsel based on information provided by Swank. However, on July 14, 2004, Susan Swank provided Morris with a verification.

AHED argues that Interrogatory 1 is over broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, AHED concedes that the answers to the interrogatories were prepared by counsel for AHED, based on information provided by AHED.

Rule 33 of the Federal Rules of Civil Procedure requires that when the party is an

10

individual, then the party, not the attorney must sign a verification or affidavit as to the accuracy

of the answers; if the party is a corporation then any representative including counsel may sign on

behalf of the corporation. Fed. R. Civ. P. 33(b)(2). This court finds that Swank's response is

sufficient and compliant with Rule 33 since Susan Swank signed a verification, verifying the

accuracy of the answers provided to Morris. This court orders AHED to provide Morris, if not

already provided, with a verification or affidavit, signed by a corporate representative, verifying

the accuracy of the answers provided to Morris. This may be counsel on behalf of the

corporation.

## 9. Interrogatory 4

Interrogatory 4 asks Defendants to:

> State the full name, job title, age or date of birth, address and
> telephone number of all persons that were employed within the
> Administrative offices of Rockford Business College during
> Plaintiff's employ until the present, including but not limited to
> Admissions, the Financial Aid Department and Human Resources,
> showing for each the date of hire, date of separation if applicable,
> and reason for separation.

Morris argues that other employees of Swank may be potential witnesses. Morris also

says that each deponent so far has differed on the names of the individuals in administrative

offices during Morris' employment, and would like Swank to give her a consistent and complete

response.

Swank objects to Interrogatory 4 as over broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence. Swank argues that the identity of

employees employed by Swank after February 2003, when Morris was terminated, and especially

after May 2003, when Swank sold all of its assets to AHED, is irrelevant to the instant case.

Swank also claims that it has already provided Morris with the names of all employees who have worked with Morris, or who might have any information regarding her employment. Swank has also provided Morris with the names of non-employee third parties, such as auditors and other individuals brought into train Morris.

AHED objects to Interrogatory 4 because it is: (1) over broad; (2) unduly burdensome; (3) AHED never employed Morris; (4) AHED is not in possession of information responsive to this Interrogatory and; (5) AHED cannot verify the accuracy of the information asked.

This court limits the scope of Interrogatory 4 from 2000 until the date Morris was terminated, and orders Swank to respond accordingly. This court finds that because AHED did not employ Morris, AHED does not have to answer Interrogatory 4. Swank is given 14 days to comply as ordered by this court.

## 10. Interrogatory 6

Interrogatory 6 asks Defendants to:

> State all benefits (including fringe benefits) to which Plaintiff was entitled while employed with Defendant and the monthly value thereof, up through the date Plaintiff's employment ended.

Morris argues that she needs to know the fair value of her lost benefits for damages purposes. Swank claims to have no additional information to offer to Morris. Swank claims that it: (1) directed Morris to the applicable employee handbook, which outlined the available benefits; and (2) provided Morris with a copy of a COBRA election letter, originally sent to her after her termination, which included the exact amount of the monthly premium for participation in Swank's qualified health plan. AHED states that Morris had no benefits, because Morris was never hired or employed by AHED.

12

This court finds Swank's response to Interrogatory 6 insufficient and orders Swank to answer the interrogatory. This court finds AHED's response appropriate. Swank is given 14 days to comply as ordered by this court.

## 11. Interrogatory 11-13

Interrogatory 11 asks Defendants to:

> State whether any person has ever complained to Defendants about Plaintiff's work performance, behavior or attitude. If so for each such complaint, identify the person making the complaint, the person complained to, as well as the date and the nature of the conduct complained of.

Interrogatory 12 asks Defendants to:

> If applicable, state whether Defendants ever warned Plaintiff about the performance or behavior that was the subject of any complaint identified in response to Interrogatory 11. For each such warning, identify the person who gave the warning, the date on which the warning was given, the specific content of the warning, and whether the warning was written or oral.

Interrogatory 13 asks Defendants to:

> If applicable, state whether the Defendants ever took disciplinary action against the Plaintiff as a result of any conduct identified in response to Interrogatory 11 and/or 12. If so, for each such disciplinary action, identify the person who made the decision to discipline, the date on which the disciplinary action was taken, and the type of disciplinary action taken.

Morris concedes that Swank has given her some written documentation pertaining to complaints, warnings and disciplinary actions regarding Morris' employment with Swank. However Morris argues that the materials provided by Swank do not include any record of oral complaints. Morris argues a record of oral complaints is relevant this case and can help her prepare for depositions.

13

Swank argues that it has already provided Morris with all the information it has regarding Interrogatories 11-13. Swank has provided Morris with: (1) a copy of Swank's response to Morris' EEOC charge, which includes a narrative of facts, names of other employees involved, and supporting documents; (2) Morris' complete personnel files, which incorporate all written records of complaints made to or about her; (3) copies of audits and training reports; and (4) a memorandum from an outside auditor, which refers to Morris' performance as co-director of the financial aid department. Swank claims that several documents provided to Morris do reflect oral complaint, and the only way Morris can access non-documented oral complaints is through deposition.

AHED objects to these interrogatories because: (1) the interrogatories are not directed towards AHED; (2) AHED never employed Morris; (3) AHED does not know the identities of RBC employees who may have knowledge of such facts; (4) AHED is not in possession of information responsive to these interrogatories; and (5) the interrogatories are over broad and unduly burdensome, since AHED would not maintain such information in the ordinary course of business. Without waiving any of these objections AHED refers Morris to the answers and responses provided by Swank.[2]

This court finds Swank's argument that it does not have access to non-documented oral complaints to be without merit, and orders Swank to answer Interrogatories 11-13. This court finds AHED's response reasonable and appropriate. Swank is given 14 days to comply as ordered by this court.

---

[2]AHED makes the same objections to Interrogatories 20-24.

## 12. Interrogatory 17

Morris' Interrogatory 17 asks Defendants to:

> Set forth with particularity all facts on which you rely to support
> each of the affirmative defenses you contend support your defenses
> to this matter.

Defendants, Swank and AHED, have objected to this Interrogatory as over broad and
vague, and then referred Morris to their memorandums in opposition to Morris' motion to strike
affirmative defenses respectively.

This court finds Defendants' responses insufficient. On July 8, 2004, Judge Reinhard
dismissed Morris' motion to strike Defendants' affirmative defenses. Judge Reinhard held that
substantively Defendants' affirmative defenses satisfied the federal rules of pleadings standard
inasmuch as the defenses put Morris on sufficient notice of the nature of each defense. However,
this interrogatory is asking Defendants to state the facts that each defense is based on. This court
finds that Interrogatory 17 is compliant with Rule 33. Rule 33(b) explicitly states that an
interrogatory is not objectionable because it seeks an opinion or contention that relates to fact or
the application of law to fact. *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D.Kan.
2000). Thus Defendants must answer Interrogatory 17 and appropriately supplement their
responses as provided in Rule 26(e). Defendants are given 14 days to comply as ordered by this
court.

## 13. Interrogatory 20

Interrogatory 20 asks Defendants for:

> Any training in sexual harassment, sexual discrimination and or
> Title VII of the Civil Rights Act provided to each of Defendants'
> employees from 2000 through 2004, please state the following:

(a) The name of each person or agency providing such training;
(b) The dates on which said training was conducted;
(c) Which employees were present for such training;
(d) The subjects covered by such training.

Morris argues that Title VII training offered to Defendants employees is relevant, and Swank referred Morris to the employee handbook which is silent on such training. However, Holliman testified during her deposition that she attended a Title VII training seminar conducted by a third party. Swank argues that it has sufficiently responded to Interrogatory 20, by directing Morris to its employee handbook, which contains its non-discrimination and harassment policies. Swank argues that it is not obligated to interview its employees about any outside training they may or may not have while employed by Swank.

This court orders Swank to respond to Interrogatory 20 and provide Morris with information about Title VII training of RBC employees from 2000 through the transfer of ownership of RBC. This court will accepts AHED's response as appropriate. Swank is given 14 days to comply as ordered by this court.

**14. Interrogatory 21**

Interrogatory 21 asks Defendants:

> Are you aware of the Plaintiff reporting/complaining/talking to her supervisor(s), Human Resources staff or anyone else in Defendants' employ, regarding any situation involving problems with other employees(s), pertaining to the conduct alleged in Plaintiff's Complaint? If so please state the name, address and job title of person(s) to whom such report was made, who was present, the date of said reporting, what was reported and any response taken by the individual or any agent of Defendants'.

Morris argues that Plaintiff's known complaints about problems in her former employ are

relevant to her case. Swank referred Morris to its EEOC response and supporting documentation to respond to Interrogatory 21. Swank has since supplemented its response by telling Morris that: (1) None of Swank's employees recall having Morris complain that Hastings was acting inappropriately because of her gender or pregnancy; (2) Blackbourne recalls having Morris tell her, prior to Morris' termination, that Morris was planning to sue RBC for pregnancy discrimination and Morris had sued a previous employer for discrimination.

This court finds Swank's response insufficient and orders Swank to answer Interrogatory 21. This court has taken note of the fact that Swank claims to have supplemented its initial response to Interrogatory 21. Swank is "under a duty to supplement or correct the disclosure or response to include information thereafter acquired". Fed. R. Civ. p. 26(e)(1). This court accepts AHED's response as appropriate. Swank is given 14 days to comply as ordered by this court.

## 15. Interrogatory 22

Interrogatory 22 asks Defendants:

> When did Defendants(s) begin looking to replace Plaintiff as Co-Director of Financial Aid, and what methods were used to effectuate a replacement? If any outside resources were used to search for Plaintiff's replacement, please include in your answer the name of any employment agency, newspaper, internet site, or any other medium utilized, when such medium was used, and the result of your search with said medium(s).

Morris argues that Swank's response that she was not replaced is disingenuous, since Hastings was hired as director of financial aid at RBC two months prior to Morris' termination. Swank argues that its response was complete when it told Morris that she was not replaced, and that no replacement was considered until after Morris' involuntary termination.

Swank claims it did not "replace" Morris. As such Morris must redraft, using an

appropriate term in lieu of replacement(s), and resubmit Interrogatory 22 to Swank. This court

finds AHED's response appropriate. This court orders Morris to redraft and resubmit

Interrogatory 22 to Swank within 14 days of this order.

**Interrogatory 23**

Interrogatory 23 asks Defendants:

> Did Defendants perform any investigation into Plaintiff's
> allegations of inappropriate conduct of Ed Hastings? If so, please
> describe all steps taken, by whom, and when, with regard to said
> investigation.

Morris argues that by referring her to Swank's EEOC position statement, Swank is not

answering her questions. It is relevant to Morris' case whether Swank investigated Morris'

complaints concerning Hastings. Swank argues that its response to Interrogatories 23 is

complete. Swank has already: (1) told Morris that she never complained to Swank or any of its

employees about Hastings harassing her due to her gender or pregnancy; (2) provided Morris

with various documents regarding Morris' termination and her dispute with Hastings (that

ultimately led to her termination); and (3) Morris' and Hasting's complete personnel files.

This court orders Swank to re-respond to Interrogatory 23 and answer the question asked.

This court finds AHED's response appropriate. Swank is given 14 days to comply as ordered by

this court.

**17. Interrogatory 24**

Interrogatory 24 asks Defendants to:

> What specific criteria was used in choosing a replacement for
> Plaintiff as co-director of financial aid, i.e., hiring Ed Hastings?

Morris argues that this information is relevant to her case. Swank argues that its response

is complete. Swank has already provided Morris with: (1) documents indicating its use of a recruiting firm; (2) Hastings personnel file, which includes his resume, reference checks, interview notes etc.

This court finds Swank's response insufficient and orders Swank to respond to Interrogatory 24 and/or indicate to Morris exactly which portions of Hasting's resume and file are responsive to Interrogatory 24. This court finds AHED's responses appropriate. Swank is given 14 days to comply as ordered by this court.

## Conclusion

Morris' Motion to Compel and Strike is granted in part and denied in part. The parties are given 14 days to comply as ordered by this court. As stated in this order, Morris must redraft and resubmit Request 8 and Interrogatory 22. This court has granted Morris' motion to compel as to Request 30 and Interrogatory 17 against both Defendants. This court has partially granted Requests 5, 7, 12, and 16, by limiting the scope from 2000 through the transfer of the business, against Defendants. This court has placed an attorneys' eyes only condition on Request 7. This court will accept AHED's responses, to Requests 5, 7, 12 and 16, that AHED does not have any information responsive to the requests, if AHED will provide an affidavit, verifying AHED's response. This court has partially granted Requests 26 and 31, by limiting the scope to two years (2002-03), against Swank. This court has granted Morris' motion to compel as to Interrogatories 6, 11-13, 21, 23 and 24 against Swank. This court has partially granted Interrogatory 4 (limited from 2000 through Morris' termination) and Interrogatory 20 (limited from 2000 through transfer of business) against Swank. This court has ordered AHED to provide Morris with a signed verification in response to Interrogatory 1. This court finds AHED's responses to Interrogatories 4, 6, 11-13 and 20-24 appropriate and reasonable since AHED never employed Morris.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/20/04

20